**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115475

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yosirel Eilander, individually and on behalf of all those similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>MRS BPO, LLC,<br><br>        Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

(left margin, rotated) BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

        Yosirel Eilander, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MRS BPO, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

        1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

        2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

        3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

        4.      At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5.    Plaintiff Yosirel Eilander is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.    On information and belief, Defendant MRS BPO, LLC, is a New Jersey Limited Liability Company with a principal place of business in Camden County, New Jersey.

8.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10.    Defendant alleges Plaintiff owes a debt ("the Debt").

11.    The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.    Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.    Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.    In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 11, 2018. (**"Exhibit 1."**)

15.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

18.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

19.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

20.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably

susceptible to an inaccurate reading by the least sophisticated consumer.

21.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

22.     The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

23.     A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

24.     A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

25.      Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

26.     When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

27.     The Letter states, "Creditor: Verizon."

28.     The Letter fails to identify any entity as the "creditor to whom the debt is owed."

29.     "Verizon," even if meant as the creditor to whom Plaintiff's debt is owed, is not specific enough to apprise the least sophisticated consumer of the identity of the creditor to whom the debt is owed.

30.     There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

31.     Conversely, there are forty-two (42) active disparate entities registered in New York that begin their legal name with "Verizon" including, but not limited to, "Verizon Wireless (VAW) LLC," "Verizon Wireless of the East LP," and "Verizon Wireless Services, LLC."

32.     The least sophisticated consumer would likely be confused as to which of the 42 active disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

33.     The least sophisticated consumer would likely be uncertain as to which of the 42 active disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

34.    Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

35.    Defendant failed to clearly state the name of the creditor to whom the debt is owed.

36.    The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

37.    The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

38.    Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

39.    Because the Letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

40.    The least sophisticated consumer would likely be deceived by the Letters.

41.    The least sophisticated consumer would likely be deceived in a material way by the Letters.

42.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect Plaintiff's respective Debts.

## CLASS ALLEGATIONS

43.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that sets forth a creditor as "Verizon," from one year before the date of this Complaint to the present.

44.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45.    Defendant regularly engages in debt collection.

46.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that sets forth a creditor as "Verizon."

47.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.   Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### AMT OF DEBT (FIRST LETTER) (PART 1 OF 4)
### FIRST COUNT
### Violation of 15 U.S.C. § 1692e

49.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50.    The Debt was incurred on a CREDITCARD credit card, underwritten by BANK.

51.    The Letter sets forth a "Balance."

52.    Pursuant to the terms and conditions of the credit card, BANK charged Plaintiff interest on any balance carried on the account.

53.      Pursuant to the terms and conditions of the credit card, BANK charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

54.      Pursuant to the terms and conditions of the credit card, BANK charged Plaintiff other fees on the account.

55.      The right to collect from Plaintiff interest on any balance carried on the account was not waived by BANK.

56.      The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by BANK.

57.      The right to collect from Plaintiff other fees on the account was not waived by BANK.

58.      The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

59.      The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

60.      The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

61.      Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

62.      Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

63.      Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

64.      Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

65.      Pursuant to the terms and conditions of the credit card, BANK and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

66.      Pursuant to the terms and conditions of the credit card, BANK and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

67.      Pursuant to the terms and conditions of the credit card, BANK and any assignee

or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

68.    Pursuant to the terms and conditions of the credit card, the legal right of BANK and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by BANK or any assignee or successor-in-interest as a result of a failure by either BANK or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

69.    Pursuant to the terms and conditions of the credit card, the legal right of BANK and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by BANK or any assignee or successor-in-interest as a result of a failure by either BANK or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

70.    Pursuant to the terms and conditions of the credit card, the legal right of BANK and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by BANK or any assignee or successor-in-interest as a result of a failure by either BANK or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

71.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

72.    The Letter failed to disclose that the balance stated may increase due to interest.

73.    The Letter failed to disclose that the balance stated may increase due to late fees.

74.    The Letter failed to disclose that the balance stated may increase due to other fees.

75.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

### AMT OF DEBT (BOTH) (PART 2 OF 4)
### SECOND COUNT
### Violation of 15 U.S.C. § 1692e

76.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

77.    Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

78.    Plaintiff's debt was incurred pursuant to a contract between Plaintiff and BANK.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

79.    N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

80.    An award of interest under § 5001 is mandatory.

81.    N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

82.    BANK and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, LETTERDATE.

83.    As such, the amount stated in the Letter was subject to the accrual of interest.

84.    The Letter failed to disclose that the amount stated may increase due to interest.

85.    The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

## AMT OF DEBT (BOTH) (PART 3 OF 4)
### THIRD COUNT
### Violation of 15 U.S.C. § 1692g

86.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

88.    15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

89.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

90.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

91.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

92.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

93.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

notice.

94.      The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

95.      The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

96.      The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

97.      The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

98.      The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

99.      The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

100.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

101.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

102.     For instance, the Letter fails to indicate the applicable interest rate.

103.     For instance, the Letter fails to indicate the date of accrual of interest.

104.     For instance, the Letter fails to indicate the amount of interest during any measurable period.

105.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

106.     For instance, the Letter fails to indicate the amount of late fees.

107.     For instance, the Letter fails to indicate the date such fees will be added.

108.     For instance, the Letter fails to indicate the amount of late fees during any measurable period.

109.     The Letter fails to contain an explanation, understandable by the least

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

110.    The Letter fails to state whether interest, late fees and/or other fees are accruing.

111.    The Letter fails to state what part of the amount stated is attributable to principal.

112.    The Letter fails to state what part of the amount stated is attributable to interest.

113.    The Letter fails to state what part of the amount stated is attributable to late fees.

114.    The Letter fails to state what part of the amount stated is attributable to other fees.

115.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

116.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

117.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

118.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

119.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

120.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

121.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

122.    The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

123.    The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

124.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.


**AMT OF DEBT (BOTH) (PART 4 OF 4)**
**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**

125.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

126.    As previously set forth, the Letter sets forth a "Balance."

127.    As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

128.    As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

129.    As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

130.    The Letter fails to disclose whether the amount stated may increase due to additional interest.

131.    The Letter fails to disclose whether the amount stated may increase due to additional late fees.

132.    The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

133.    The Letter includes a settlement offer.

134.    The Letter fails to indicate whether the amount stated may increase due to additional interest if the settlement is not accepted.

135.    The Letter fails to indicate whether the amount stated may increase due to additional late fees if the settlement is not accepted.

136.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

137.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

138.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that late fees were still

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

accruing.

139.    The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

140.    The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

141.    The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

142.    The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

143.    The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

144.    The Letter could reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would continue to accrue on the debt if the settlement offer was not accepted.

145.    The Letter could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not re-commence on the debt if the settlement offer was not accepted.

146.    Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer's ability to respond to the settlement offer is negatively affected.

147.    Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer would be unable to determine the actual value of Defendant's settlement offer.

148.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

149.    For these reasons, Defendant violated 15 U.S.C. § 1692e.

12

**AMT OF DEBT (SUBSEQUENT LETTER) (PART 1 OF 3)**
**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**

150.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

151.    The Debt was incurred on a CREDITCARD credit card, underwritten by BANK.

152.    The Letter sets forth a "Balance."

153.    Pursuant to the terms and conditions of the credit card, BANK charged Plaintiff interest on any balance carried on the account.

154.    Pursuant to the terms and conditions of the credit card, BANK charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

155.    Pursuant to the terms and conditions of the credit card, BANK charged Plaintiff other fees on the account.

156.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by BANK.

157.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by BANK.

158.    The right to collect from Plaintiff other fees on the account was not waived by BANK.

159.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

160.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

161.    The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

162.    Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

163.    Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

164.    Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

165.    Pursuant to the terms and conditions of the credit card, other fees continued to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

accrue on the account.

166.    Pursuant to the terms and conditions of the credit card, BANK and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

167.    Pursuant to the terms and conditions of the credit card, BANK and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

168.    Pursuant to the terms and conditions of the credit card, BANK and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

169.    Pursuant to the terms and conditions of the credit card, the legal right of BANK and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by BANK or any assignee or successor-in-interest as a result of a failure by either BANK or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

170.    Pursuant to the terms and conditions of the credit card, the legal right of BANK and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by BANK or any assignee or successor-in-interest as a result of a failure by either BANK or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

171.    Pursuant to the terms and conditions of the credit card, the legal right of BANK and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by BANK or any assignee or successor-in-interest as a result of a failure by either BANK or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

172.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

173.    The Letter failed to disclose that the balance stated may increase due to interest.

174.    The Letter failed to disclose that the balance stated may increase due to late fees.

175.    The Letter failed to disclose that the balance stated may increase due to other fees.

176.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## AMT OF DEBT (SUBSEQUENT LETTER) (PART 2 OF 3)
## SIXTH COUNT
## Violation of 15 U.S.C. § 1692e

177.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

178.    As previously set forth, the Letter sets forth a "Balance."

179.    As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

180.    As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

181.    As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

182.    The Letter fails to disclose whether the amount stated may increase due to additional interest.

183.    The Letter fails to disclose whether the amount stated may increase due to additional late fees.

184.    The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

185.    The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

186.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

187.    The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

188.    The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

189.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

190.    For instance, the Letter fails to indicate the applicable interest rate.

191.    For instance, the Letter fails to indicate the date of accrual of interest.

192.    For instance, the Letter fails to indicate the amount of interest during any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

measurable period.

193.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

194.    For instance, the Letter fails to indicate the amount of late fees.

195.    For instance, the Letter fails to indicate the date such fees will be added.

196.    For instance, the Letter fails to indicate the amount of late fees during any measurable period.

197.    The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

198.    The Letter fails to state whether interest, late fees and/or other fees are accruing.

199.    The Letter fails to state what part of the amount stated is attributable to principal.

200.    The Letter fails to state what part of the amount stated is attributable to interest.

201.    The Letter fails to state what part of the amount stated is attributable to late fees.

202.    The Letter fails to state what part of the amount stated is attributable to other fees.

203.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

204.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

205.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

206.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

207.    The Letter includes a settlement offer.

208.    The Letter fails to indicate whether the amount stated may increase due to additional interest if the settlement is not accepted.

209.    The Letter fails to indicate whether the amount stated may increase due to additional late fees if the settlement is not accepted.

210.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the

16

least sophisticated consumer to have two or more meanings, one of which is inaccurate.

211. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

212. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

213. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

214. The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

215. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

216. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

217. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

218. The Letter could reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would continue to accrue on the debt if the settlement offer was not accepted.

219. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not re-commence on the debt if the settlement offer was not accepted.

220. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the

debt was static, the consumer's ability to respond to the settlement offer is negatively affected.

221.    Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer would be unable to determine the actual value of Defendant's settlement offer.

222.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

223.    For these reasons, Defendant violated 15 U.S.C. § 1692e.

### AMT OF DEBT (SUBSEQUENT LETTER) (PART 3 OF 3)
### SEVENTH COUNT
### Violation of 15 U.S.C. § 1692e

224.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

225.    Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

226.    Plaintiff's debt was incurred pursuant to a contract between Plaintiff and BANK.

227.    N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

228.    An award of interest under § 5001 is mandatory.

229.    N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

230.    BANK and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, LETTERDATE.

231.    As such, the amount stated in the Letter was subject to the accrual of interest.

232.    The Letter failed to disclose that the amount stated may increase due to interest.

233.    The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

### TYLKE (PART 1 OF 1)
### EIGHTH COUNT
### Violation of 15 U.S.C. § 1692e and § 1692f

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## **False or Misleading Representations**

234.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

235.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

236.    § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

237.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

238.    15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

239.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

240.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

241.    §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

242.    The Letter states "CHARGES."

243.    The "CHARGES" are listed as "$0.00."

244.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

245.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

246.    Although the "CHARGES" are listed as "$0.00," the Letter could reasonably be read by the least sophisticated consumer to mean that there could be "CHAR" added to the debt in the future.

247.    The Letter could reasonably be read by the least sophisticated consumer to imply that there could be "CHAR" added to the debt in the future.

248.    The Letter falsely implies that Defendant has the right to add "CHAR" to the debt.

249.    Defendant has no legal basis to add "CHAR" to the debt.

250.    The Letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

251.    The Letter falsely implies that Defendant has the right to add a fee to the debt.

252.    Defendant has no legal basis to add a fee to the debt.

253.    Defendant's conduct, as described, violates § 1692e and § 1692f.


**CREDITOR NAME UNCLEAR IN VALIDATION (PART 1 OF 2)**
**NINTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

254.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

255.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

256.    One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

257.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

258.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

259.    Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

260.     Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

261.    When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

262.    The Letter fails to identify by name and label any entity as "creditor," "original

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

263.    Although the Letter identifies a "Creditor" of "CREDITOR1," it fails to explicitly identify a current creditor."

264.    Plaintiff does not have an account with CREDITOR1.

265.    Plaintiff does not owe any money to CREDITOR1.

266.    The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "CREDITOR1," or "CREDITOR2."

267.    The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "CREDITOR1," or "CREDITOR2."

268.    The Letter states, "Re: CREDITOR1."

269.    The Letter states, "Your ACCOUNT has been placed with our office for collections." (Emphasis in original.)

270.    The Letter fails to indicate whether the "Re:" refers to the account owner.

271.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

272.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

273.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

274.    The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

275.    The Letter fails to indicate who referred the account to Defendant.

276.    The Letter fails to indicate who Defendant represents.

277.    The Letter fails to indicate who is Defendant's client.

278.    The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

279.    The Letter demands payment be made to Defendant.

280.    The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

281.    Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

282.    Defendant failed to clearly state the name of the creditor to whom the debt is owed.

283.    The least sophisticated consumer would likely be confused as to the name of the

creditor to whom the debt is owed.

284.    The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

285.    Defendant violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

**CREDITOR NAME UNCLEAR IN VALIDATION (PART 2 OF 2)**
**TENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of**
**the Creditor to Whom the Debt is Owed**

286.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

287.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

288.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

289.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

290.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

291.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

292.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

293.    The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

294.    Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

295.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

296.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

297.    The least sophisticated consumer would likely be deceived by the Letter.

298.    The least sophisticated consumer would likely be deceived in a material way by the Letter.

299.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**CREDITOR NAME UNCLEAR IN OTHER CORRESPONDENCE (PART 1 OF 1)**
**ELEVENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of**
**the Creditor to Whom the Debt is Owed**

300.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

301.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

302.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

303.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

304.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

305.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

306.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

307.    The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

308.    Knowing the identity of creditor to whom the debt.

309.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

310.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

311.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

312.    When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

313.    The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

314.    Although the Letter identifies a "Creditor" of "CREDITOR1," it fails to explicitly identify a current creditor."

315.    Plaintiff does not have an account with CREDITOR1.

316.    Plaintiff does not owe any money to CREDITOR1.

317.    The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "CREDITOR1," or "CREDITOR2."

318.    The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "CREDITOR1," or "CREDITOR2."

319.    The Letter states, "Re: CREDITOR1."

320.    The Letter states, "Your ACCOUNT has been placed with our office for collections." (Emphasis in original.)

321.    The Letter fails to indicate whether the "Re:" refers to the account owner.

322.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

323.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

324.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

325.    The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

326.    The Letter fails to indicate who referred the account to Defendant.

327.    The Letter fails to indicate who Defendant represents.

328.    The Letter fails to indicate who is Defendant's client.

329.    The Letter fails to indicate the name of any entity to which Plaintiff should make

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

her check payable to.

330.    The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

331.    Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

332.    Defendant failed to clearly state the name of the creditor to whom the debt is owed.

333.    The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

334.    The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

335.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

336.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

337.    The least sophisticated consumer would likely be deceived by the Letter.

338.    The least sophisticated consumer would likely be deceived in a material way by the Letter.

339.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## TWELFTH COUNT
## Violation of 15 U.S.C. § 1692g(a)(3)

340.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

341.    15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

342.    The Letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

343.    Defendant violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

### THIRTEENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)

344.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

345.    15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

346.    The Letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

347.    Defendant violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

### FOURTEENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)

348.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

349.    15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

350.    The Letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

351.    Defendant violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information required by that Section.

### BK VIOLATION (PART 1 OF 1)
### FIFTEENTH COUNT
### Violation of 15 U.S.C. § 1692e and 11 U.S.C. § 524

352.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

353.    On or about BKDATE, Plaintiff filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court, for the Eastern District of New York.

354.    Defendant was put on notice of the Petition.

355.    Defendant had notice of the Petition.

356.    On or about DCDATE, Plaintiff was granted a complete discharge of the subject debt.

357.    Defendant was put on notice of the discharge.

358.    Defendant had notice of the discharge.

359.    Despite the discharge, Defendant continued to attempt to collect the debt.

360.    Despite the discharge, Defendant willfully continued to attempt to collect the debt.

361.    15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the character, amount, or legal status of any debt.

362.    15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

363.    15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

364.    Defendant's attempt to collect Plaintiff's discharged debt is a violation of 15 U.S.C. § 1692e.

365.    Defendant's attempt to collect Plaintiff's discharged debt is a violation of 11 U.S.C. § 524.

### OVERSHADOW BY DEMAND OF PAYMENT (PART 1 OF 2)
### SIXTEENTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

366.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

367.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

368.    The written notice must contain the amount of the debt.

369.    The written notice must contain the name of the creditor to whom the debt is owed.

370.    The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

371.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

372.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

373.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

374.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

375.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

376.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

377.    Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

of the FDCPA.

378.    Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

379.    Defendant has demanded Plaintiff make payment during the validation period.

380.    The Letter INSERT SPECIFIC TEXT HERE RE: VIOLATION

381.    Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

382.    Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

383.    Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

384.    Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

385.    Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.


### SERVICE FEE (PART 1 OF 2)
### SEVENTEENTH COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee

386.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

387.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

388.    §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

389.    Defendant's letter sets forth that Defendant charges a **processing** fee for payments made.

390.    Such **processing** fee is neither expressly authorized by the agreement creating the

debt, nor permitted by law

391.    Such **processing** fee is prohibited by 15 U.S.C. § 1692f(1).

**SERVICE FEE (PART 2 OF 2)**
**EIGHTEENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**

392.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

393.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

394.    § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

395.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

396.    Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a **processing** fee.

397.    The least sophisticated consumer would likely be deceived by the **processing** fee language into believing that Defendant was legally entitled to collect the fee.

398.    The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

399.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**WEB SERVICE FEE (PART 1 OF 2)**
**NINETEENTH COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee**

400.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

401.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

402.    15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

403.    Defendant maintains a website at WEBSITE.

404.    Defendant's website provides a payment portal, at WEBSITE, for consumers to make payments online.

405.    Defendant's payment portal sets forth that Defendant charges a **processing** fee of $3.00 for payments made.

406.    Such **processing** fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

407.    Such **processing** fee is prohibited by 15 U.S.C. § 1692f(1).

408.    Defendant violated 15 U.S.C. § 1692f by charging a **processing** fee.

**WEB SERVICE FEE (PART 2 OF 2)**
**TWENTIETH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**

409.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

410.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

411.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

412.    15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

413.    Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a **processing** fee.

414.    The least sophisticated consumer would likely be deceived by the **processing** fee language into believing that Defendant was legally entitled to collect the fee.

415.    The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

416.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**CLASS ALLEGATIONS**

417.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

consumer debt REASON, from one year before the date of this Complaint to the present.

418.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

419.    Defendant regularly engages in debt collection.

420.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts REASON.

421.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

422.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

423.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

424.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.    Certify this action as a class action; and

b.  Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiff's costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: August 28, 2018

**BARSHAY SANDERS, PLLC**

By:  _/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115475